UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN JON MARQUIS DOUGLAS,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROTHERS FILM,<br><br>Defendant | No.  2:23-cv-02320-TLN-CKD (PS)<br><br><br><br>ORDER |

Plaintiff, An Jon Marquis Douglas, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's complaint (ECF No. 1) is before the court for screening. Plaintiff also requests to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, so the request to proceed in forma pauperis is granted. For the reasons set forth below, the complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.  PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## III.  ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that New Line Cinema, which is owned and operated by defendant, Warner Brothers Pictures, "starts with a play on my name[.]" (ECF No. 1 at 5.) "Then it comes on and tells what I did when my girlfriend came back from out of town call three woman and [illegible] to make it work." (Id.) "It even has a part where it speaks about the street I was on when I was not wearing the rubber made." (Id.) Plaintiff alleges the challenged matter constitutes "[s]tolen Intellectual copyright trademark property." (Id.)  Plaintiff seeks monetary damages. (Id. at 6.)

## IV.  THE COMPLAINT MUST BE DISMISSED

The complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to

1  relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to comply with Rule 8 is subject to
2  dismissal. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
3       Plaintiff's complaint is short, but it does not show plaintiff is entitled to relief and does
4  not give the defendant fair notice of any claims. See Bautista v. Los Angeles County, 216 F.3d
5  837, 840-41 (9th Cir. 2000) (a plaintiff bears the burden of separately setting forth his legal
6  claims and for each claim, briefly and clearly providing the facts supporting the claim so that the
7  court and the defendants are readily able to understand the claims); McHenry v. Renne, 84 F.3d
8  1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint that left the court "guessing as to
9  what facts support the legal claims being asserted against certain defendants"). Conclusory
10 allegations fail to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and
11 conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a
12 claim).
13      Because the complaint does not give defendant fair notice of any claims, the complaint
14 does not comply with Rule 8 of Federal Rule of Civil Procedure. In addition, the complaint does
15 not state a claim for copyright infringement or a trademark violation.
16      "Proof of copyright infringement requires [a plaintiff] to show: (1) that he owns a valid
17 copyright in [a work]; and (2) that [the defendant] copied protected aspects of the work."
18 Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020).
19 In order to maintain an infringement action, a plaintiff must have registered the subject work with
20 the Copyright Office. 17 U.S.C. § 411(a); see also Fourth Estate Pub. Benefit Corp. v. Wall-
21 Street.com, LLC, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court,
22 however, a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement
23 that 'registration of the copyright claim has been made.' § 411(a).").
24      Here, plaintiff does not allege he owns any copyrighted material that has been registered,
25 or that any specific acts infringed upon plaintiff's copyright. Thus, the complaint does not state a
26 copyright infringement claim.
27      "To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. §
28 1114, a party must prove: (1) that it has a protectable ownership interest in the mark; and (2) that

the defendant's use of the mark is likely to cause consumer confusion." Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citation and quotation marks omitted). As a threshold matter concerning ownership of a mark, "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1203 (9th Cir. 2012).

Here, plaintiff does not allege he has a protectable ownership interest in a trademark which he was the first to use. The complaint does not state a trademark claim.

V.     CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court is directed to correct the docket's spelling of plaintiff's last name from Dowglas to Douglas;

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 6, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8Douglas.23cv2320.scrn